## THE STATE v. AUGUSTUS T. MOREAUX, Appellant.

**Division Two, January 6, 1914.**

1. **INFORMATION: Embezzlement: In Language of Statute.** Sec. 4550, R. S. 1909, fully sets forth the essential elements of the offense of embezzlement, and an information or indictment for an offense purely statutory is sufficient if the language of the statute is substantially followed.

2. **EMBEZZLEMENT: Agent: Treasurer: Conversion.** An information charging that defendant by virtue of his "employment and office as agent, clerk, collector and servant" of a certain corporation did receive and take into his possession certain money belonging to said corporation and convert it to his own use, is sustained by evidence showing he received a certain amount of money as treasurer of said corporation, deposited it in a bank, and then received a cashier's check for a part of it payable to himself, which he converted to his own use, although he testified he received the check in that form and afterwards converted it into money for the purpose of going to another city to buy supplies for his company, for if that was true he was in that regard acting in the capacity of agent.

3. ————: **Testimony by Police that Defendant had Formerly Given False Name.** Testimony by police officers that five years prior to the crime defendant had stated to them his name was "Edward J. Morrow," whereas in fact it was Augustus T. Moreaux, was unauthorized, and its purpose is not discernible unless it was an indirect attempt to show that defendant had been arrested by them at that time; but as the inquiry was not permitted to proceed further and the statement was denied by defendant, and all the material testimony points to his guilt, it was not sufficiently prejudicial to justify a reversal.

4. ————: **Cumulative Evidence: Records: Invited Error.** It was not error to exclude the records of a corporation showing that defendant, charged as agent with embezzling its funds, was its president and treasurer, where he had previously testified that he was the company's president and treasurer, and had objected and his objection had been sustained when the same records were offered by the State, for after his oral testimony the records were cumulative evidence and their exclusion had been invited by him, and therefore the error, if any, was not prejudicial.

State v. Moreaux.

5. ———: Reputation for Truth: Admissibility: Remoteness. Where a defendant charged with embezzlement testifies in his own behalf, then, as affecting his credibility, it is competent to permit the State to show his reputation for truth, veracity and morality down to the time of the alleged offense. And the fact that some of the witnesses, on cross-examination, testified that they had not known anything of him for at least two years prior to the offense, weakened the force of their testimony, but not its admissibility.

6. ———: Demand: Consent of Owner. It is not material in embezzlement to show that the owner of the converted money demanded its return or that it was appropriated by defendant without the owner's consent. Neither demand nor the absence of the owner's consent is by the statute made a constituent element of embezzlement.

7. ———: Corporate Existence of Owner: How Proven. The corporate existence of the company whose money defendant is charged with having embezzled need not be proved by the production of a certified copy of its charter or the act of its incorporation, to the exclusion of other testimony, but may be shown by general reputation or by parol; and in this case was shown by defendant's testimony on a former trial which was introduced as an admission made by him.

8. ———: Instructions. A series of instructions in an embezzlement case which in the main are a rescript of the law as declared in State v. Wissing, 187 Mo. 102, are approved.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

AFFIRMED.

*R. B. Kirwan, Charles A. Loomis* and *E. M., Bartlett* for appellant.

(1) The court erred in not sustaining the demurrer to the evidence in that the evidence submitted proved that he was president and treasurer of the corporation and not agent, servant or collector, as charged in the information. R. S. 1909, sec. 4550; Kiles v. People, 81 Ill. 600; People v. Allen, 5 Denio (N. Y.), 79; Comm. v. Wyman, 8 Met. (Mass.) 259; Comm. v. Tuckerman, 10 Gray (Mass.), 190; Reg. v. Walker, 8 Cox C. C. 1; Reg. v. Tyrie, 11 Cox C. C. 241; Williams

v. Stott, 3 Tyrwhitt, 688; Hammel v. State, 5 Mo. 264. (2)   The evidence submitted to the jury failed to prove that any offense was committed, and there was no evidence that any offense charged was committed in the State of Missouri.   State v. Bacon, 170 Mo. 161; State v. Mispagel, 207 Mo. 584.   (3)   The evidence submitted failed to prove that defendant had embezzled the money charged in the information.   One of the elements of embezzlement is that the property shall be taken "without the assent of his master or employer." No witness testified that the company did not give its assent for the money alleged to have been spent by Moreaux.   No officer or agent of that company said or claimed that this money alleged to have been spent was not properly spent.   No testimony was introduced that any demand had been made for this money.   If authority was given for this alleged expense it would evidently be lawful; if not, it would be unlawful in the absence of either assent or dissent.   Can the State assume there was not assent on the part of the company?   The law presumes that acts are proper, not improper.   State v. Martin, 230 Mo. 690; State v. Foster, 11 Iowa, 292; People v. Royce, 106 Cal. 176.

*John T. Barker*, Attorney-General, and *W. T. Rutherford*, Assistant Attorney-General, for the State.

(1)   The court did not err in overruling defendant's demurrer to the information.   It was sufficient in form and substance.   State v. Blakemore, 226 Mo. 560; State v. Wissing, 187 Mo. 96; State v. Shower, 196 Mo. 202; State v. Gebhardt, 219 Mo. 708; State v. Lipscomb, 160 Mo. 125; State v. Larew, 191 Mo. 192. (2)   There was no error committed by the court in overruling defendant's demurrer to the evidence. Secs. 5114, 5115, R. S. 1909; State v. Heath, 70 Mo. 565; State v. Lamb, 242 Mo. 400; State v. Lamb, 141 Mo. 298; State v. Martin, 230 Mo. 695; State v. Harmon,

106 Mo. 651; 2 Bishop's New Crim. Law, sec. 364, p. 205; State v. Porter, 26 Mo. 205. (3) Error, if any, committed by the court in excluding evidence offered by defendant that he received the money in question as president and treasurer of the company, was cured by the testimony of the defendant that at the time he received the money in question, February 16, 1912, he was not the "agent, collector or nothing, but president and treasurer of that company." (4) There was no error committed by the court in admitting testimony as to the general reputation of the defendant for truth and veracity and morality. State v. Oliphant, 128 Mo. App. 261; State v. Pollard, 174 Mo. 618; In re Est. of Imboden, 128 Mo. App. 571; State v. Chinn, 164 Mo. App. 125; State v. Beckner, 194 Mo. 288. (5) The court in giving instructions numbers 3, 4, 5, 6, 7, 8, 9 and 10, did not err. State v. Pratt, 98 Mo. 491. The court seems to have taken the instructions from State v. Wissing, 187 Mo. 102. (6) There was no error in refusing to admit the corporate records of the corporation offered by defendant. Testimony introduced by both State and appellant shows that appellant was treasurer and president of the corporation at the time of the alleged offense. The court did not commit error in overruling defendant's demurrer to the evidence in that the proof showed defendant was president and treasurer of the corporation and not an agent, servant or collector as charged in the information. Secs. 5114, 5115, R. S. 1909; State v. Heath, 70 Mo. 565; State v. Lamb, 242 Mo. 400; State v. Lamb, 141 Mo. 298; State v. Harmon, 106 Mo. 561. The crime of embezzlement can only be committed by an officer, agent, clerk, servant or collector, those occupying confidential or fiduciary relations to others, and our statute simply declares such persons to sustain such relations. State v. Lamb, 242 Mo. 400.

WALKER, J.—The appellant was convicted in the criminal court of Jackson county, of embezzlement, and sentenced to three years' imprisonment in the penitentiary, from which he appeals to this court.

Omitting formal matter, the correctness of which is not questioned, the information is as follows:

"On the 16th day of February, 1912, at the county of Jackson, State aforesaid, being then and there the agent, clerk, collector and servant of the Bass Thousand-Acre Ranch Company, a corporation, duly organized and existing under the laws of the State of Montana (the said Augustus T. Moreaux not being then and there a person under the age of sixteen years), then and there by virtue of such employment and office of agent, clerk, collector and servant, as aforesaid, did have, receive and take into his possession and under his care and control certain money to the amount of twelve hundred and eighty-seven dollars, the same being then and there lawful money of the United States, but the description of which said money is to the said prosecuting attorney unknown, and which said money was then and there of the value of twelve hundred and eighty-seven dollars, and then and there was the money and personal property of the said Bass Thousand-Acre Ranch Company, a corporation, as aforesaid, the employer of him the said Augustus T. Moreaux and that the said Augustus T. Moreaux the said money then and there unlawfully, feloniously, fraudulently and intentionally did embezzle and convert to his own use, without the assent of the said Bass Thousand-Acre Ranch Company, a corporation, as aforesaid, the owner of said money, and with the unlawful, felonious and fraudulent intent then and there to deprive the owner, the said Bass Thousand-Acre Ranch Company, a corporation, as aforesaid, of the use thereof; against the peace and dignity of the State."

On February 15, 1912, certain notes belonging to the corporation named were sold by the appellant for

$5992.50, for which he took a check payable to himself and deposited it in his own name at the First National Bank of Kansas City, Missouri. Out of this fund arising from the sale of the two notes, appellant paid obligations of the corporation in the sum of $4700, leaving a balance of $1292.50. He withdrew this balance in currency from the bank and deposited the same in an envelope in a vault at the Baltimore Hotel. Several days thereafter he took $1287.50 of this balance and purchased a cashier's check at the First National Bank in Kansas City, payable to himself, and went to Chicago. On February 19, 1912, he exchanged the cashier's check at the Central Trust Company in that city, receiving therefor $287 in currency and a cashier's check on the said Trust Company for $1000. On February 26, 1912, appellant returned to the Central Trust Company the $1000 check and received in exchange therefor a check for seventy-five dollars payable to one D. O. Daube, $200 in money, and a cashier's check payable to appellant for $725. On March 2, 1912, appellant returned the cashier's check for $725 issued to him by the Trust Company and received therefor a check for $125 payable to himself, a check for $100 payable to Hotel Secor, and $500 in currency. This in the main is the testimony.

Appellant's own testimony is to the effect that he took the check which he had received in payment of the notes, to-wit, $5992.50, to the First National Bank in Kansas City, and paid a draft for $4700 for the corporation, and received the balance in cash; that with this cash several days thereafter he bought a cashier's check for the balance and went to Chicago, for the purpose of buying seed and supplies for a ranch owned by the corporation; that he cashed the check in Chicago, received currency for it, and placed it in the vault of the LaSalle Hotel; that subsequently he spent some of this money for his expenses while in Chicago, but placed about $1150 in his trunk in an envelope,

and, when his trunk was seized by a constable under a writ of attachment, the money was stolen therefrom.

The State offered in evidence the records of the corporation of which appellant claimed he was the president and treasurer, and whose funds it was alleged in the information he had embezzled, but upon appellant's objection they were excluded. Subsequently appellant offered these same records in evidence, counsel stating when the offer was made that the purpose was to prove by such records that the appellant was, at the time of the alleged offense, the president and treasurer of said corporation and in charge of its funds as such, but the court again excluded the records.

The appellant was permitted to prove by his own testimony that at the time of the alleged offense as stated in the information he was the president and treasurer of the corporation named therein, and that he sustained that relation to it at the time of the trial; and that at no time had he been the agent, clerk, collector or servant of the said corporation.

On cross-examination appellant was asked if he had not in 1907 stated to three police officers in the city of Chicago that his name was Edward J. Morrow, which statement appellant denied. Subsequently the three officers were introduced as witnesses and permitted to state, over the objections of the appellant, that he had stated to them in 1907, in the city of Chicago, that his name was Edward J. Morrow; the court also permitted these officers to testify as to the reputation of the appellant for truth, veracity and morality from 1907 to the time of the trial, the officers stating that such reputation was bad; upon cross-examination it was shown that neither of them had any knowledge of the defendant or his whereabouts later than 1908, except one who stated that he had seen the appellant in Chicago two or three times subsequent to that year and once during the year of the trial.

The appellant contends that the information is insufficient; that the court should have sustained a demurrer to the evidence for the State; that the testimony of witnesses as to his reputation for truth, veracity and morality was improperly admitted; that improper instructions were given and proper instructions refused; that the records of the corporation offered in evidence by the defendant and excluded by the court should have been admitted.

It appears from the record that the appellant is under recognizance.

I. *Information.* The information is bottomed on section 4550, Revised Statutes 1909, and charges the statutory crime of embezzlement. The essential elements of the offense are fully set forth, and it has been uniformly held by this court that an information or indictment for an offense purely statutory, will be sufficient if the language of the statute be substantially followed.

The sufficiency of an indictment under the statute in question (Sec. 4550, supra) almost identical in its allegations with the information in the case at bar, was considered at length by this court in State v. Blakemore, 226 Mo. 560, where earlier cases, here and elsewhere, were elaborately reviewed, resulting in the conclusion that if the offense was clearly and definitely charged in the language of the statute, as it was in that case, the defendant had no cause of complaint.

We, therefore, rule this contention against the appellant.

II. *Sufficiency of Testimony.* The validity of the information having been determined, we are led to an inquiry as to whether the evidence offered was sufficient to sustain the verdict—it being contended by the appellant that it was not.

Waiving any question for the time being as to this matter having been finally determined by the jury, the

information charged that the unlawful conversion which is the gist of the offense, was effected while the appellant was acting in the capacity of an agent, clerk, collector or servant of the corporation, but the proof was confined to that of agency. This was not improper because no matter in which one of the capacities named in the statute the appellant was shown to have acted, a like fiduciary relation existed between him and the corporation; or, in other words, regardless of the capacity, if within the statutory designation, a like obligation rested on him to account for and pay over to the corporation its funds coming into his hands. Under this state of facts it was necessary for the State to show, first, that the appellant was an agent; second, that he received the money as such in the course of his employment; third, that it was the money of the corporation; and, fourth, that he converted it to his own use. [Ex parte Hedley, 31 Cal. 108.] Appellant contends that he was in no sense an agent of the corporation, but was its president and treasurer, and that as such he received the money in question. That he so received the amount for which the notes were sold, may be admitted, and also that as treasurer he paid the obligation of the corporation, but by his own statement he thereafter drew a personal check for the balance which remained in the bank at Kansas City, to-wit, the sum named in the information, receiving currency therefor with the ultimate purpose, as he states, of going to Chicago to buy seed and supplies for a ranch belonging to the corporation. In the absence of any other evidence, the capacity, therefore, in which appellant acted, is to be determined by the character of his action or the nature of the duty he testified he intended to perform. This was clearly characteristic of an agency. In this capacity, or in the course of his employment, he received at Kansas City the money he is charged with having embezzled; that it was the money of his principal, or,

in other words, the corporation, he admits; and that he converted it to his own use is evident from his testimony in which he utterly fails to account for the expenditure of any money on behalf of the corporation coupled with the other facts and circumstances in the case.

Authority is not lacking to sustain the correctness of the conclusion as to the capacity in which appellant was acting at the time of the alleged offense. In Commonwealth v. Tuckerman, 76 Mass. 173, it is held that a treasurer of a railroad corporation who converts its funds to his own use, comes within the provisions of a statute making "officers, agents, clerks or servants guilty of embezzlement who convert funds of a corporation to their own use." The ruling in the Tuckerman case, supra, is peculiarly appropriate in this connection because of the similarity of the facts to those in the case at bar. In that case the money of a corporation was received by its treasurer and by him deposited to his credit as such treasurer, and was afterwards drawn out by him in currency and converted to his own use. Under this state of facts the court held that he was guilty of embezzlement.

In State v. Weber, 103 Pac. (Nev.) 411, it is held that a president of a corporation is "a person" within the meaning of a statute declaring that "any person, or any agent, manager or clerk of a corporation" appropriating money to his own use, is guilty of embezzlement.

In Laycock v. State, 136 Ind. 217, it is held that a treasurer of an unincorporated society is "an employee" of the society within the meaning of a statute which provides that "every officer . . . or employee of any . . . corporation or association" who misappropriates his employer's money, shall be guilty of embezzlement.

Further it is held generally in Simpson v. People, 47 Colo. 612, that in a prosecution for embezzlement

the accused must occupy the fiduciary relation designated in the information, and must have received the money charged to have been embezzled in that capacity. [See also 15 Cyc. 494.]

In regard to the sufficiency of the evidence as to the conversion, it is held in People v. Meadows, 136 App. Div. 226, 121 N. Y. S. App. 17, that the criminal intent with which the act was committed may be inferred from the acts and circumstances connected with the transaction, because ordinarily a man intends what his acts indicate; and that a deliberate conversion of property having been shown, but slight evidence of fact or circumstance is necessary to prove the existence of a felonious intent.

While it is held in State v. Mispagel, 207 Mo. 557, and later in Hanna v. Insurance Co., 241 Mo. 383, that a failure on the part of an agent to account for funds received by him will not of itself constitute embezzlement, such fact, if shown, will constitute material evidence tending to prove an unlawful conversion, which is the essence of the offense. Appellant did not in any manner attempt to account for the money received by him belonging to the corporation, his testimony in this behalf consisting of palpable evasions except that he admitted he had expended a portion of the money to defray his personal obligations and expenses while in Chicago. His failure to account for said funds, and his admission of an improper expenditure of a portion of it, together with all the other circumstances and facts in evidence are sufficient, in our opinion, to establish an unlawful conversion.

The evidence being ample to show that the appellant was acting within one of the classes designated in the statute, and while so acting that he converted the money to his own use, his demurrer to the State's testimony was properly overruled.

III. *Error in Admission of Testimony.* Three police officers, of the city of Chicago, were permitted

on behalf of the State to testify that the appellant in 1907 had, in said city, stated to them that his name was "Edward J. Morrow." What possible purpose this testimony was intended to serve we are unable to determine unless it was an attempt by indirection as an adroit innuendo to show what would not have been admissible to prove by direct testimony, namely, that appellant had been arrested by these officers at that time. The admission of this testimony was unauthorized, but as the inquiry in this regard was not permitted to proceed further and the statement was denied by the appellant, the error was not sufficiently prejudicial to justify a reversal, especially in view of the fact that all the material testimony points to the guilt of the appellant.

The error noted and others committed during the trial, fortunately not sufficiently prejudicial to warrant a reversal, were due in no little degree to the fact that the State was represented by a special prosecutor. This custom of permitting the employment of special prosecutors and allowing them to conduct criminal cases for the State, while not unauthorized, is not to be commended; they are usually employed by private individuals solely to secure a conviction, and their zeal and energies are bent to accomplish that end; this is not the sole purpose of a criminal prosecution but a result which may, and if the accused is shown to be guilty, should follow a fair and impartial trial, always best afforded the accused when the prosecution is conducted by the State's accredited representative, who, no matter how vigorously he may prosecute, does not, or at least should not, under his oath, lose sight of the fact that the accused is entitled to a fair trial.

IV. *Exclusion of Testimony.* Appellant further contends that he should have been permitted to introduce in evidence the records of the corporation for the purpose, as stated by his counsel when the offer was made, of showing that at the time appellant re-

ceived the funds in question he was the president and
treasurer of the corporation. He had previously tes-
tified in his oral examination to this effect, and the
admission of the records would have simply consti-
tuted cumulative evidence, and, therefore, their ex-
clusion was not sufficiently prejudicial to authorize a
reversal; besides, these same records had theretofore
been offered in evidence by the State and had been
excluded on the objection of the appellant. While we
would not be understood as holding unqualifiedly that
the exclusion of these records on the objection of the
appellant would preclude him from subsequently using
them in evidence, if it appeared from all the facts in
the case that the refusal of the trial court to permit
their introduction was prejudicial to the defense, but
in this case, we do not so regard it. The exclusion of
the records when offered by the appellant not being
prejudicial, and the error, if any, having been invited
by him, he will not be heard to complain. [Sec. 5115,
R. S. 1909.]

V. *Appellant's Reputation.* It is contended that
error was committed by the trial court in permitting
the State to show the reputation of the appellant for
truth, veracity and morality, down to the time of the
alleged offense. Appellant had testified in his own
behalf, and, under the rule in regard to this class of
testimony, evidence as to his reputation was admis-
sible to affect his credibility as a witness. This rule
is too well established to require discussion, the latest
expression of the court on this subject being found in
State v. Philpott, 242 Mo. 504. It is true that the wit-
nesses on behalf of the State testified on direct ex-
amination that they knew what his reputation was
down to the date of the alleged offense, but on cross-
examination, except in one instance, stated that they
had not known anything of the appellant for at least
two years before said date. While these contradictory
statements weakened the force and effect of the wit-

nesses' testimony, they did not affect its admissibility. [Jackson v. State, 78 Ala. 471.]

VI. *Demand or Lack of Consent by Owner.* Appellant contends that a demand by the corporation for the money alleged to have been embezzled should have been shown, to have authorized a conviction, or, to state it differently, the State should have been required to prove that the conversion was without the consent of the corporation. A sufficient answer to this contention is that the crime of embezzlement consists of the fraudulent conversion by the accused of property entrusted to his care by another, and it is, therefore, not material to show whether demand was made or that the conversion was without the consent of the owner.

In State v. Martin, 230 Mo. l. c. 690, the court in discussing the sufficiency of an indictment for embezzlement says: "In some kindred statutes to that on which this prosecution is based the intent is made a constituent element of the offense and in others the criminality is made to depend upon the conversion being made 'without the assent of the master or employer.' In all of such cases it is necessary to expressly aver the intent, or negative the knowledge or assent of the owner, in order to state a valid charge of the offense defined by the statute. But in the statute under consideration neither the intent of the defendant nor the absence of the assent of the owner is made an element of the crime, and therefore an averment as to either is not required."

If absence of the assent of the owner is not required to be averred as not being an element of the crime, then it is not necessary to be proved. It has frequently been so held in other jurisdictions.

It is held in Commonwealth v. Tuckerman, supra, that demand for or lack of consent by the owner of property converted is not necessary to constitute embezzlement; that these are facts or circumstances ad-

missible in evidence as bearing upon the question of a fraudulent intent, but for all other purposes they are wholly immaterial.

In State v. Mason, 108 Ind. 48, 52, the court held that the fraudulent failure or refusal of a county treasurer being established, no proof of subsequent demand or refusal was required.

In Commonwealth v. Hussey, 111 Mass. 432, it was held that: "A fraudulent conversion to the defendant's own use would be embezzlement, whether demand were made or not, and, of course, such demand need neither be averred nor proved."

VII. *Corporate Character of Owner.* Appellant contends that error was committed by the State in its failure to prove the corporate existence of the Ranch Company, the alleged owner of the money charged to have been embezzled. This contention is not founded on fact. The corporate existence of the company was admitted by the appellant in his testimony in a former trial, which was introduced in the instant case as admissions made by him, and by his statement on the stand that he was at the time charged in the information its president and treasurer. Corporate existence need not be proved by the production in evidence of a certified copy of the charter or act of incorporation to the exclusion of other testimony, but it may be shown by general reputation or by parol. [Sec. 5238, R. S. 1909; State v. Knowles, 185 Mo. 141, 169; State v. Decker, 217 Mo. 315, 322.]

In the Decker case, supra, the court holds that where a defendant does not object below to the manner in which corporate existence is proved, he will not be heard to complain here. Certainly he should not be heard to complain of a failure of proof when the matter alleged as error has been proved by his own testimony.

VIII. *Instructions.* Complaint is made of the instructions. The first and second simply prescribe the forms of verdict; the third is general and formally defines the offense and prescribes the punishment; the fourth is as to the proof of the intent with which the act was done, stating that such proof may be either direct or circumstantial; the fifth is as to the presumption arising from the act of the accused and from what facts criminal intent may be inferred; the sixth further defines embezzlement, and that the jury must be satisfied beyond a reasonable doubt of the felonious intent of the accused at the time of the conversion to authorize conviction; the seventh is the formal instruction in regard to the presumption of innocence; the eighth defines generally what constitutes a reasonable doubt; the ninth that the information is merely a formal charge and constitutes no evidence of the defendant's guilt, to which is added the presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt; the tenth is as to credibility of witnesses and the weight and value to be given their testimony, to which is added the consideration which may be given to each witness's testimony measured by his interest, appearance on the stand, etc., and as to the right of the jury to reject or treat as untrue the whole or any part of any witness's testimony who has wilfully sworn falsely.

The instructions in the form given have frequently been approved by this court. As suggested by counsel for the State, they are in the main a rescript of the law as declared in the case of State v. Wissing, 187 Mo. 96, 102, and are not subject to objection.

Proper instructions having been given, error was not committed in refusing those asked by the appellant.

Finding no error to warrant a reversal, the judgment is affirmed. *Faris, J.,* concurs; *Brown, J.,* concurs in the result and all except paragraph 3.