**STATE of Missouri, Plaintiff-Respondent,**

v.

**Henry L. WATERS, Defendant-Appellant.**

No. 45676.

Supreme Court of Missouri,
Division No. 1.

May 13, 1957.

J. K. Owens, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Paul Mc-Ghee, Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant, Henry L. Waters, was convicted of embezzlement, and punishment was assessed at five years in the State penetentiary. He has appealed from the ensuing judgment.

The information charged embezzlement under Section 560.250, RSMo 1949, V.A.M.S., repealed L.1955, p. 507. See now §§ 560.156, 560.161, RSMo Supp.1955, V.A.M.S., and § 1.160 RSMo 1949, V.A.M.S. It was averred that defendant, May 3, 1952, "being then and there the officer, agent, clerk, collector and servant of Donald A. Tye a private person  *  *  *  then and there by virtue of such employment and office of officer, agent, clerk, collector and servant  *  *  *  did have, receive and take*n* into his possession and under his care and control certain money" to the amount of $3,000, "the money and personal property of the said Donald A. Tye as aforesaid, the employer of him the said Henry L. Waters and that the said Henry L. Waters the said money then and there unlawfully, feloniously, fraudulently and intentionally did embezzle and convert to his own use  *  *  *."

Section 560.250, supra, provided that if "any agent, clerk, apprentice, servant or collector of any private person, or of any copartnership, except persons so employed under the age of sixteen years, or if any officer, agent, clerk, servant or collector of any incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or convert to his own use, without the assent of his master or employer, any money, goods, rights in action, or valuable security or effects whatsoever, belonging to any other person, which shall have come into his possession or under his care by virtue of such employment or office, he shall, upon conviction, be punished in the manner prescribed by law for stealing property of the kind or the value of the articles so embezzled, taken or secreted."

Herein upon appeal, defendant-appellant contends the trial court erred in overruling defendant's motion for a judgment of acquittal. It is argued that under the evidence defendant was not shown to have

been the agent, clerk, apprentice, servant or collector of Donald A. Tye, and, consequently, the evidence did not support the conviction of embezzlement under Section 560.250, supra.

The State introduced evidence tending to show that defendant was engaged in the construction and sale of residential properties in Kansas City; and that one Hall introduced defendant to the complaining witnesses, Donald A. Tye and wife, who were desirous of buying a residence. A written agreement was entered into between defendant as the vendor and the Tyes as purchasers by which agreement defendant undertook to sell and the Tyes undertook to purchase a house then in progress of construction on 69th Street in Kansas City. The consideration to be paid was $29,000; $3,000 to be paid defendant upon the signing of the contract, May 3, 1952; $16,000 cash on delivery of a deed by the vendor (defendant) as in the agreement provided; and the balance of the consideration, $10,000, was to be represented by a note of $10,000 secured by a deed of trust, then a lien on the property, the obligation of which note the purchasers agreed to assume. Defendant, vendor, was to furnish an abstract of title for examination by the purchasers. If the title were found to be defective and could not be rectified within a stated time, the agreement was to be null and void "and the money deposited as aforesaid shall be returned to the buyer and the abstract returned to the seller." The contract further provided that, if the vendor fulfilled his part of the contract and if the purchasers failed in their compliance, "then the money deposited as aforesaid shall be forfeited" at the option of the vendor.

At the time the contract as signed, the Tyes gave defendant their check for $3,000, which check was collected by defendant and the proceeds deposited in a "building fund" apparently utilized by defendant in furthering the construction of the house he had contracted to sell to the Tyes and other

houses then in progress of construction. Defendant failed to complete construction of the house he had undertaken to sell, and the property was foreclosed under the deed of trust securing the $10,000 note mentioned supra. The defendant tendered no abstract of title and no deed; nor did defendant return the $3,000.

Over defendant's objection the State interrogated the witness, Mrs. Donald A. Tye, as follows,

"Q. Prior to the signing of this contract was there any conversation with Mr. Waters either between you and Mr. Waters or between your husband and Mr. Waters in your presence? * * * A. There was a discussion of how soon we would want the house and a few things that would be put into the contract. Mr. Hall, I believe, had drawn up the contract and I believe then that Mr. Waters got around to asking a price that we should pay that day or some money we should put down and $3,000.00, I believe, was the sum agreed upon. My husband, I think, said at that time, 'Well, now, we have not brought any attorney with us here today. I am assuming then that Mr. Waters is taking this check to hold in escrow until the house is completed and at that time we will get a deed to the place.' I think Mr. Waters agreed to that. I believe my husband made out a check for $3,000.00 that day, May 3d, and turned it over to Mr. Waters in the office."

The husband, Donald A. Tye, over defendant's objection, testified that "the money was to be held if it (the contract) wasn't completed." Again the husband testified, "I understood the $3,000.00 as stated in the contract was to be returned if for any reason Mr. Waters failed to live up to his part and if I failed to live up to mine he had the $3,000."

At defendant's request, the Tyes subsequently paid defendant the further sum

of $2,000 "to go ahead and complete the house * * *."

It is earnestly urged by defendant-appellant that he and the Tyes originally stood in the legal relationship of vendor and purchasers; and that upon his inability or failure to comply with the agreement, he could have been no more than debtor to them in the amount of the $3,000. State v. Brown, 171 Mo. 477, 71 S.W. 1031. See also State v. Peck, 299 Mo. 454, 253 S.W. 1019; 29 C.J.S. Embezzlement § 10 b., pp. 679-680. Defendant urges the evidence of the conversations of the parties prior to the execution of the agreement was inadmissible. The State argues that such evidence was admissible in tending to explain an asserted ambiguity in the contract because of the use of the language therein— "the money deposited as aforesaid shall be returned to the buyer." But, assuming the evidence of the antecedent conversations was admissible and ignoring the effect of the wife's testimony that the "check" was to be held "in escrow" whereas the information charged the embezzlement of money, such evidence does not tend to establish any employment or engagement of defendant as agent, clerk, apprentice, servant or collector as was contemplated by Section 560.250, supra.

██ The crime of embezzlement by a clerk or agent as was defined by the Section is to be differentiated from embezzlement by bailee, as defined by (the now repealed) Section 560.260, RSMo 1949, V.A. M.S., under which latter Section defendant, a third-party depositary, was charged in State v. Nelson, 362 Mo. 129, 240 S.W.2d 140, cited by the State. See also State v. Casleton, 255 Mo. 201, 164 S.W. 492; State v. Rogers, 320 Mo. 260, 7 S.W.2d 250. By the very language of Section 560.250 the embezzlement proscribed therein was of property by agent, etc., of a private person or copartnership (or officer, etc., of any incorporated company) "which shall have come into his possession or under his care by virtue of such employment" (or office).

In a prosecution for embezzlement under the now repealed statutes, defendant must have been shown to have stood in the fiduciary relationship as charged and must have been shown to have received the property, charged to have been embezzled, in that capacity. State v. Brown, supra; State v. Moreaux, 254 Mo. 398, 162 S.W. 158; State v. Casleton, supra; State v. Bunton, 314 Mo. 585, 285 S.W. 97, 47 A.L.R. 783; State v. Cochran, 336 Mo. 649, 80 S.W.2d 182.

██ It is our opinion the trial court erred in overruling defendant's motion for a judgment of acquittal.

The judgment should be reversed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.