7   19
144m 320

STATE OF MISSOURI, Respondent, v. MARTIN BRODERICK, Appellant.

### March 18, 1879.

1. The statutory provision that "if any carrier or other bailee shall embezzle or convert to his own use * * * any money, property, * * * which shall have been delivered to him or shall have come to his possession or under his care as such bailee, * * * he shall, on conviction, be adjudged guilty of larceny," is not confined to carriers.

2. Under the statute the bailee is properly found guilty of embezzlement; and is then adjudged guilty of larceny and punished accordingly.

APPEAL from St. Louis Criminal Court.
*Affirmed.*
J. G. LODGE and F. D. TURNER, for appellant.
LEWIS B. BEACH, for respondent.

HAYDEN, J., delivered the opinion of the court.

The appellant was indicted, with others, for grand larceny, and charged with having stolen three mules, the property of one Monegan.   The evidence showed that the appellant had the property in his possession as bailee of the owner, and, together with instructions as to larceny, the following instruction was given: "If, from the evidence, the jury find that the defendant Broderick was the bailee of the wit-

ness Monegan, and that as such bailee the mules described in the indictment, and the property of said Monegan, were in his, Broderick's, possession and under his care, and that he, Broderick, did feloniously embezzle or convert to his own use said mules, or any of them, of the value of twenty dollars or more, with the intent to deprive Monegan of his said property, they should find him guilty of embezzlement, and assess his punishment at imprisonment in the penitentiary for not less than two nor more than five years."

The jury retired to deliberate, and afterwards returned into court the following verdict: "We, the jury, in the case of The State of Missouri *v.* Martin Broderick and John Texas, *alias* Charles H. Shobe, do find the defendant John Texas, *alias* Charles H. Shobe, not guilty of grand larceny as charged in the indictment. And we further find the defendant Martin Broderick guilty of embezzlement, and assess his punishment at two years in the penitentiary." The appellant was accordingly sentenced to two years in the penitentiary.

The evidence supports the instruction thus given, and shows the appellant to have been guilty of embezzlement; and under the statutes of this State a defendant may be found guilty of embezzlement under an indictment for grand larceny. Wag. Stats. 514, sect. 15. It is, however, contended that the provision of the statute under which this conviction for embezzlement was had has no application to the case. Sect. 37, p. 459, of Wagner's Statutes reads as follows: "If any carrier or other bailee shall embezzle or convert to his own use, or make way with or secrete with intent to embezzle or convert to his own use, any money, property, * * * which shall have been delivered to him or shall have come to his possession or under his care as such bailee, although he shall not break any trunk, package or box, or other thing in which he received them, he shall, on conviction, be adjudged guilty of larceny, and punished in

the manner prescribed by law for stealing property of the nature or value of the articles so embezzled, taken, or secreted." It is urged that this section has reference only to carriers, and the rule *ejusdem generis* is invoked. But it is plain that this rule has no bearing whatever here. It is by no means a rule of universal application, and its use is to carry out, not to defeat, the legislative intent. When it can be seen that the particular word by which the general word is followed was inserted, not to give a coloring to the general word, but for a distinct object, and when, to carry out the purpose of the statute, the general word ought to govern, it is a mistake to allow the *ejusdem generis* rule to pervert the construction. There is here no good reason for limiting this section to carriers, which word was evidently put in as an example, and with particular reference to the subsequent words, " although he should not break any trunk," etc., the application of which clause is rendered obvious. The words here in question have already thus been construed by the Supreme Court. *Norton* v. *The State*, 4 Mo. 464.

It is further contended that the instruction was wrong in telling the jury they might convict the defendant of embezzlement. The statute does not say that upon such facts the jury shall find the defendant guilty of larceny, as is now claimed. On the contrary, the defendant is, *on conviction*, to *be adjudged* guilty of larceny, and to be punished in the same manner as if he had stolen the articles which he has not stolen but has embezzled. The instruction was correct and the verdict properly followed the evidence and the facts, as the statute clearly means it should and as a verdict ought. The judgment or sentence following is prescribed by the statute. Here the jury, in effect, acquitted the appellant of grand larceny and found him guilty of the other charge, embezzlement.

We find no error in the record, and the judgment will be affirmed. All the judges concur.