STATE OF MISSOURI, Respondent, v. JONES, Appellant.

St. Louis Court of Appeals, October 17, 1905.

1. CRIMINAL PRACTICE: Verdict: Embezzlement. The verdict of a jury in a prosecution for embezzlement, which finds a defendant guilty and assesses his punishment at a given sum, is not invalid on account of failure to describe the punishment as a "fine."

2. ———: ———: ———: Special Verdict. Where a defendant was indicted for embezzling a sum in excess of thirty dollars belonging to a certain person and was found guilty of embezzling a less sum, the verdict which neither stated that defendant was guilty as charged in the indictment nor found whose money was embezzled, was bad.

3. ———: ———: "Embezzlement by Bailee." A verdict in which one is found guilty of "embezzlement by a bailee" is defective because it does not mean "as bailee," but it is not decided whether that would render the verdict bad.

4. ———: **Evidence.** Where a defendant was indicted for embezzling the sum of thirty dollars and the evidence showed that ten dollars of the sum belonged to him as an attorney's fee, and where some evidence for the State tended to show that he did not earn the fee, it was competent for the defendant to introduce evidence showing that he did earn it and thus remove a prejudicial inference.

Appeal from St. Louis City Circuit Court.—*Hon. Dan'l G. Taylor,* Judge.

REVERSED AND REMANDED.

*Jas. M. Rollins* and *H. E. Hofer* for appellant.

The verdict is totally insufficient on which to predicate a judgment. We submit that the verdict of the jury is wholly meaningless and does not carry with it any punishment whatever. After saying in the verdict that they, the jury, find the defendant guilty of embezzlement by bailee, their verdict adds these words, "and assess the punishment at forty dollars." State v. Coon, 18 Minn. 518; Favor v. State, 54 Ga. 249; Day v. People, 78 Ill. 380; Peo. X. L. v. Whatson, 74 Ill. 20; Camer v. Green, 1 Cox cc 269; 2 Thompson, Trials, sec. 2640.

*Arthur N. Sager* and *Grant Gillespie* for respondent.

The main point relied on by appellant is, that the verdict is insufficient to support a judgment for the reason that the word "fine" was omitted. Verdicts are not required to be in any particular form; it is sufficient if they convey, in unmistakable terms to the court just what the jury mean; and a verdict "for 82.67 with interest at six per cent. from February 1, 1889—total amount 90.85," is good, the word "dollars" being meant and understood. The Provo Mfg. Co. v. Severance, 51 Mo. App. 260. It is only when the verdict is silent on some element of the crime, that it will not support a judgment. State v. DeWitt, 186 Mo. 69.

GOODE, J.—The defendant was indicted under section 1914 of the Revised Statutes of 1899 for feloniously embezzling $30 belonging to one Rolla Bohee. The alleged owner of the money is a colored woman, and at the time of the supposed bailment was imprisoned in the jail of the city of St. Louis, awaiting action by the grand jury on a charge against her of robbery in the first degree. The defendant is a colored man and an attorney at law. On October 9, 1903, the Bohee woman employed Jones to obtain bail for her. A negro man by the name of Otto Sutter, the paramour of Rolla Bohee, was implicated in the same charge of robbery, and either he or the woman gave Jones $30 on that day, of which $10 was in payment for Jones' services in seeking bondsmen and the remainder to be used to induce some responsible person to sign the bond. The evidence is conflicting as to whether Sutter or Rolla Bohee owned and advanced the money, a material question. Jones gave this receipt:

"St. Louis City Jail, October 9, 1903.

"Received of Rolla Bohee thirty dollars, twenty of which is for bond and ten dollars on account for attorney fee; five dollars more to be paid when the bond is signed. L. C. Jones."

Jones swore that at the time he gave the receipt he inadvertently recited that the money had been received from Rolla Bohee, as it was advanced in her interest; but that in truth it was advanced by Sutter for her and was Sutter's. He was corroborated in this statement by one of the jail guards who witnessed the transaction. There was testimony tending to show that it was Rolla Bohee's money and that she paid it to Jones herself. We dwell on this point because it is earnestly insisted the judgment should be reversed on the ground that there is no substantial evidence to prove the defendant embezzled Rolla Bohee's money, as he was charged with doing in the indictment—that practically all the evidence showed the money received by defendant, whether

embezzled by him or not, belonged to Sutter. There was substantial evidence on both sides of the issue; which stood, therefore, for determination by the jury.

The State utterly failed to prove Jones committed a felony by embezzling $30 as charged in the indictment, but he was convicted of embezzling less than that sum. The verdict of the jury is as follows:

"We, the jury in the above-entitled cause, find the defendant guilty of embezzlement by bailee of money less than thirty dollars and assess the punishment at forty dollars. Hy Rosenthal, Foreman."

The verdict is assailed as invalid because it omitted the word "fine" in assessing the punishment; but we think that criticism is trivial. Verdicts are required to be reasonably certain and this one is as to the punishment. No other meaning can be attached to the particular clause criticised except that a fine of $40 was imposed. It would be foolish to hold, as we are asked to do, that the verdict meant Jones should pay the $40 as a debt due Rolla Bohee. The verdict fixes $40, not as a debt owed by the defendant to the prosecuting witness, but as a punishment for the offense of which he was found guilty.

There are much more serious objections to the verdict. It did not find the defendant guilty in manner and form as charged in the indictment, and, indeed, could not without qualifying the finding as to the amount embezzled; for he was indicted for a felony and found guilty of embezzling a sum too small for the offense to be felonious. The verdict contains no allusion to the indictment. Neither does it find whose money was embezzled. Whose money Jones had was a vital issue. Much of the evidence went to prove Sutter furnished the money for the benefit of Rolla Bohee, and, for aught that appears in the verdict, the jury may have found Jones guilty of embezzling Sutter's money. If it had found him guilty of embezzling money as charged in the indictment, perhaps this objection would be met. But as

the verdict stands, there is nothing to show the jury found the defendant had embezzled money belonging to any person. The necessity of setting forth in a verdict, like the one before us, the essential ingredients of the crime of which a defendant is found guilty, was expounded in State v. DeWitt, 186 Mo. 69. In the opinion in that case reference was made to Huffman v. State, 89 Ala. 33, a decision dealing with a conviction for embezzlement. Huffman had been indicted for embezzling $150 of Sells Brothers. The verdict against him was: "We, the jury, find the defendant guilty of embezzling a sum of money less than $25." This verdict was held to be special, and to be invalid because there was no finding that the money belonged to Sells Brothers, as alleged in the indictment. That decision was approved by our Supreme Court as one elucidating the rule that a special verdict in a criminal cause must state the essential factors of the crime. The facts were identical with those of the present case. Huffman was indicted for embezzling an amount of money which would constitute a felony and was found guilty of embezzling an amount which constituted a misdemeanor (vol. 2, Ala. Code, articles 3, 4). But the jury neither found him guilty as charged nor recited whose money he had converted. Such verdicts appear to be construed as special nowadays; though, as we understand the law, a verdict in a criminal case is special, strictly speaking, when the jury finds the facts regarding the defendant's conduct and leaves it to the court to say whether, on the facts as found, the defendant was guilty of the crime. Be this technical point as it may, the opinion in State v. DeWitt, approving as it does the ruling in the Huffman case, is directly pertinent to the proposition that the present verdict is bad in not finding to whom the money embezzled by Jones belonged.

The verdict is defective, if not bad, in another regard. It found the defendant guilty of "embezzlement by bailee," instead of as a bailee. Under our statutes

the crime of embezzlement can be committed by the bailee of money or property, but we do not discern how a person can commit a crime by a bailee. The natural meaning of the phrase is that Jones, through the agency of a bailee, embezzled money. We would say the jury intended to find he embezzled as a bailee, but for the fact that they followed an instruction which told them that, if they found certain facts, they "should find the defendant guilty of embezzlement by bailee of money under the value of thirty dollars," etc. Under the statutes the crime cannot be committed in that way. It may be perpetrated by a bailee as such, but not by a person by a bailee. The instruction doubtless meant to tell the jury to find the defendant guilty of embezzlement as a bailee, or of the crime denominated embezzlement by a bailee. We do not decide whether or not the defect in question would vitiate the verdict.

It is doubtful if the defendant was not an agent instead of a bailee; but as this point has not been discussed in the briefs, we will say no more about it.

The defendant was arraigned and put on trial for embezzling the entire sum of thirty dollars received by him. We cannot perceive why this was done; for no word of evidence tends to show he was not entitled to ten dollars as a fee, and the written receipt states that ten dollars was paid "on account for attorney's fee." The only theory we think of on which it might have been conceived that he had embezzled the whole sum was, that he did nothing to earn his fee and took the money intending to do nothing. Even such conduct would not constitute embezzlement of the fee. One of the State's witnesses who had acted as attorney for Rolla Bohee, swore to telling Jones it was strange the latter could not obtain bondsmen. The remark conveys the impression that the witness thought no proper effort had been made to get bondsmen. Now Jones offered to show by two responsible men who followed the business of signing bonds for prisoners, that he tried to get them to

make a bond for Rolla Bohee, but they refused because she had previously forfeited a criminal recognizance. Considering the fact that Jones was on trial for embezzling all the money he had received, his fee as well as the remainder, we think it was competent for him to show he had honestly earned his fee by striving to obtain bondsmen. A doubt regarding his fidelity to his client, according to the terms of the receipt, was apt to tell against him with the jury and raise a prejudice in their minds which would influence their finding on the main issue. Jones was entitled to dispel any such doubt by showing he did his duty.

The prosecuting witness is a prostitute of the very lowest type, has served a term in the Joliet penitentiary for grand larceny, been several times in the St. Louis workhouse, many times in the court of criminal correction and had the reputation among the police force of the city of being a thief. Jones proved by numerous witnesses, including judges, magistrates, policemen and attorneys of repute, that he had lived in St. Louis for eleven years engaged in the practice of his profession, and had borne a reputation for integrity and truthfulness. No impeachment of his character was attempted. He testified that after failing to procure bail for Rolla Bohee, she employed him to institute a habeas corpus proceeding to get her out of jail and directed him to apply the $20, given to him to procure bondsmen, as part of his fee for doing so; that later she got angry with him, discharged him and employed another attorney. In fact she had three other attorneys and one of them instituted a habeas corpus proceeding. Jones' version of his second employment and of Rolla Bohee's direction that he apply the remaining $20 on his fee, was corroborated by another attorney who heard the conversation. There was contradictory evidence, and one of Rolla Bohee's attorneys testified that Jones promised him to pay back the $20 and made no claim to it. Jones admitted he had promised to give it back, but swore he

insisted that it belonged to him, but he would rather return it than be humiliated by an indictment with which he was threatened. It is certain that Jones was threatened with an indictment, and that the attorney gave him a certain time to raise the money and thereby escape prosecution. Of course it is the province of the jury to weigh the evidence in criminal as well as in civil cases, and if there is substantial evidence to support the verdict in a case of either class, an appellate court cannot reverse it as against the weight of the evidence. But we have thought it fair to the defendant to make this brief summary of what was proved.

For the error noted the judgment is reversed and the cause remanded. All concur.