## THE STATE v. ED. SMITH, Plaintiff in Error.

Division Two, July 16, 1920.

1. **VERDICT: Conviction: Felony or Misdemeanor: Jurisdiction.** In an endeavor to determine whether the defendant was convicted of a felony or a misdemeanor, and therefore whether the Supreme Court has jurisdiction, the information, instructions, verdict and applicable statute should be read together; and in this case, where defendant was charged with a felonious assault and his punishment assessed at a fine of one hundred dollars, it is *held*, that he was convicted of a felony.

2. ———: **Common Assault: Must Be Stated in Verdict.** Under the statute (Sec. 5251, R. S. 1909), where a defendant is charged with felonious assault, the jury, if they intend to convict him of common assault, should so state in their verdict; and unless they do so state, the verdict cannot be construed as a conviction of common assault, although the punishment is assessed at a fine of one hundred dollars.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*Frank W. McAllister*, Attorney-General, and *H. P. Ragland*, Assistant Attorney-General, for defendant in error.

(1) The verdict is responsive to the information, in that it is for common assault, a lesser offense which is necessarily included in the offense charged. One charged with assault with intent to kill may be convicted of simple assault. Sec. 4904, R. S. 1909; State v. Schloss, 93 Mo. 361; State v. Underwood, 254 Mo. 470; State v. Hoag, 232 Mo. 308; State v. Woodson, 248 Mo. 707; State v. Wilson, 126 Mo. App. 306; Hussy v. People, 47 Barb. (N. Y.) 503; Territory v. Conrad, 46 N. W. 605; People v. Vanard, 6 Cal. 562; People v. Congleton, 44 Cal. 94; State v. Johnson, 54 N. W. 547; State v. Peterson, 23 S. D. 629. (2) This verdict can not be stripped of surplusage, leaving a sufficient general verdict, so as to be approved under the decision of this court in the cases of: State v. Hayden, 190 S. W. 313; State v. Bishop, 231 Mo. 415. (3) A motion to dismiss the writ of error may be made by defendant in error in his brief, filed before the cause is submitted, in which is set forth a specification of the reasons on which it is founded. Smith v. Moseley, 234 Mo. 493; Guy v. Mayes, 141 Mo. 441. (4) Plaintiff in error having been convicted of a misdemeanor in the court below, the Supreme Court is without jurisdiction to hear the cause. Section 12, Art. VI, Mo. Const., and Sec. 5, Amendment of 1884; State v. Teague, 263 Mo. 336; State v. Woodson, 248 Mo. 706; State v. Zinn, 141 Mo. 333; State v. Greenspan, 137 Mo. 150.

RAILEY, C.—On November 27, 1918, the Prosecuting Attorney of Howell County, filed, in the Circuit Court of said county, an information, duly verified, which, omitting caption, etc., reads as follows:

"Will H. D. Green, prosecuting attorney within and for the County of Howell, in the State of Missouri, informs the court that one Ed Smith, on the 14th day of November, A. D. 1918, at the said County of Howell,

did then and there, upon the body of one H. E. O'Brien then and there being, feloniously and willfully, with a deadly weapon, to-wit, a certain pitch-fork of the length of six feet and of the weight of two pounds, which the said Ed Smith then and there had and held in his hands, did then and there make an assault with the intent him, the said H. E. O'Brien, then and there to kill, and the prosecuting attorney aforesaid upon his oath aforesaid further informs the court that Earl Tyrrel then and there feloniously was present aiding, abetting and assisting the said Ed Smith the felony and assault aforesaid, feloniously to do and commit, against the peace and dignity of the State.''

On December 4, 1918, defendant was arraigned and entered his plea of not guilty. On the date last named, a trial was had before a jury, and the latter returned into court a verdict of guilty and assessed a fine of $100 against defendant. On December 9, 1918, judgment was entered upon the verdict aforesaid. On the same day, defendant filed his motion for a new trial and thereafter filed a motion in arrest of judgment. Both motions were overruled and an appeal was granted him to this court, but the same was never perfected.

On December 5, 1919, defendant made a written application to this court for a writ of error, and alleged therein, that a charge of assault with intent to kill had been lodged against him in the circuit court. Said application also contains the following: ''and the said Ed Smith says that the crime with which he was wrongfully convicted is a felony and within the jurisdiction of the Supreme Court of Missouri.''

He presented, in support of said application for writ of error, a transcript of the circuit court record, containing the information, the instructions, the verdict of the jury and the judgment rendered against him. Thereupon, a writ of error was issued and the cause was made returnable to the April Term of this court.

Such other matters as may be deemed of importance, will be considered later.

I.   The main question to be determined by this court, is whether or not, we have jurisdiction of the cause.  If the jury simply returned a verdict convicting defendant of a common assault, as provided in Section 4484, Revised Statutes 1909, this court has no jurisdiction over the cause. If, on the other hand, the verdict returned by the jury, convicted defendant of a felony, as provided by Section 4482, Revised Statutes 1909, then the cause is within the jurisdiction of this court.

It is manifest from the information, and instructions given at the trial, that the case was prosecuted under Section 4482, Revised Statutes 1909, which reads as follows:

"Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not less than one hundred dollars and imprisonment in the county jail not less than three months or by a fine not less than one hundred dollars."

In passing upon this question, it is necessary to consider the information heretofore set out, as well as certain language contained in instruction two, given by the trial court. The latter, in said instruction, told the jury if they found defendant had feloniously assaulted O'Brien with a deadly weapon, etc., "then you will find the defendant guilty of assault with intent to kill or do some great bodily harm, and assess his punishment at imprisonment in the State Penitentiary for a term of not less than two years nor more than five years, or by imprisonment in the county jail not less than six months nor more than one year, or by imprisonment in the county jail not less than three months nor more than one year, and a fine of one hundred dollars or by a fine alone of not less than one hundred dollars." It is perfectly clear,

from this instruction, that the jury was not authorized to fine defendant in any sum less than $100, as provided in said Section 4482. Unless, therefore, the jury should be considered as disregarding the instruction of the court, they could not have returned a verdict as for a common assault in view of the language used in Section 4482, which states the maximum amount at which the defendant could have been fined, as $100, and the jury could have returned a verdict thereunder for less than said sum. It is, therefore, manifest, that if the jury, by their verdict, intended to follow the instruction of the court, they must have convicted defendant of a felony under Section 4482 supra, although the punishment inflicted was only a fine of $100 and costs. [State v. Melton, 117 Mo. l. c. 619-20; State v. Greenspan, 137 Mo. l. c. 150; State ex rel. v. Foster, 187 Mo. 590; State v. Woodson, 248 Mo. l. c. 707; State v. Underwood, 254 Mo. l. c. 470-1; State v. Siegel, 177 S. W. (Mo.) l. c. 354.]

The verdict of the jury, as it appears printed in the transcript on file herein, reads as follows:
"State of Missouri, Plaintiff:
        v.                      : *Felonious Assault*
Ed Smith and
Earl Tyrrel .............. Defendants:
    "We, the jury, find the defendant Ed Smith guilty of assault with intent to do bodily harm and assess his punishment at one hundred dollars.
                        *J. A. Murphy.*
                            Foreman."

It not only appears from the information and instruction two, supra, that defendant was being prosecuted for a felony under Section 4482, Revised Statutes 1909, but the verdict itself recites on its face, as above indicated, that defendant was being convicted of a felonious assault.

In passing upon the form of verdicts in cases of this character, we held in State v. Bohle, 182 Mo. l. c. 68, as follows: "The uniform expressions of all the

courts is that the verdict of a jury is not to be tested by the technical rules of construction which are applicable to pleadings; but should be liberally construed in view of the issues tried, and all reasonable presumptions are indulged to sustain the verdict and that the jury has found all the facts necessary to support it. [22 Ency. Pl. and Pr. 959 and 960, notes 2 and 3, and cases cited; State v. Craige, 89 N. C. 475; Honeycut v. Angel, 4 Dev. & Bat. (N. C.) 306.]''

The verdict returned in the Bohle case failed to state the value of the goods in controversy, and yet the court held it sufficient, in the light of the pleadings and instructions in the case.

To the same effect is State v. Lovitt, 243 Mo. l. c. 522, where it is said: ''In determining the sufficiency of a verdict the controlling object is to learn the intent of the jury, and if such intent may be ascertained and the verdict made definite and certain by reference to the pleadings and instructions it will be sustained, 'and all reasonable presumptions are indulged to sustain the verdict and that the jury has found all the facts necessary to support it.' [State v. Bohle, 182 Mo. 68; Muller v. St. Louis Hospital, 73 Mo. 242; 22 Ency. Pl. & Pr. 955 et seq; 29 Am. & Eng. Ency. Law, 1017.]''

In view of what has been previously said, we are of the opinion that if the verdict had read, ''We, the jury, find the defendant Ed Smith guilty and assess his punishment at $100,'' it would have been sufficient in form to have sustained a conviction of felony under Section 4482 supra. The remainder of the verdict should, therefore, be treated as surplusage.

II. Pursuing the same subject further, we find that Section 5251, Revised Statues 1909, must be considered, in properly passing upon foregoing question. It reads as follows:

''Upon the trial of any indictment for any offense where by law there may be conviction for different degrees of such offense, the jury, if they convict the de-

fendant of a degree of the offense inferior to the offense alleged in the indictment, shall specify in their verdict of what degree of the offense they find the defendant guilty."

Turning to Section 4482, supra, we find, as heretofore stated, that the jury, under the court's instructions, were not authorized to fine defendant less than $100. The jury were only required by said section to return a general verdict showing guilt as charged in the information, and as contemplated in the instruction of the court. If, on the other hand, the jury had intended to convict defendant of a common assault, as provided in Section 4484, Revised Statutes 1909, it would have been necessary that their verdict should have so stated. The following authorities sustain this contention: State v. Steptoe, 65 Mo. 1. c. 643-4; State v. Berning, 91 Mo. 1. c. 84-5; State v. Elvins, 101 Mo. 1. c. 246-7; State v. Sivils, 105 Mo. 1. c. 535; State v. McGee, 188 Mo. 1. c. 411-2. Under the foregoing statute and the authorities supra, the verdict of the jury, as returned, could not be construed as for a common assault, because it does not so state on its face.

The case of State v. Teague, 263 Mo. 1. c. 337, is cited by the State as holding that this court has no jurisdiction over the cause. In the Teague case, the jury returned the following verdict: "We the jury find the defendant, Will Teague, guilty of common assault and assess his punishment at $100 and costs." Judge WILLIAMS, in delivering the opinion of the court, at page 337, held, that the prosecution was commenced under Section 4481, Revised Statutes 1909. Under this section, defendant was prosecuted for a felony in which imprisonment in the penitentiary was the only punishment which could be inflicted. The jury, therefore, had the right, to find defendant guilty of a common assault as provided in Section 4484 supra, provided they stated in their return the facts which brought it within said section. This they did, in the clearest man-

ner possible. We held, in the Teague case, that the verdict, as returned, simply convicted defendant of a misdemeanor and, of course, this court would have no jurisdiction to pass upon the merits of the case. The Teague case was, therefore, properly disposed of in accordance with Section 5251, Revised Statutes 1909, and the authorities heretofore cited.

Considering the case from any viewpoint, based upon the record aforesaid, we are of the opinion that defendant was convicted of a felony, although only fined $100 and costs. This court, therefore, has jurisdiction of the cause, and must dispose of it accordingly.

III. No. bill of exceptions was filed in the court below, and there is nothing before us but the record proper. The information is in conventional form and complies with the language of the statute. No reversible error appearing upon the face of the record
**No Exceptions.** proper and no bill of exceptions having been filed, we affirm the judgment.

PER CURIAM:—The foregoing opinion of Railey, C., is hereby adopted as the opinion of the court. All of the judges concur.