STATE v. RAYMOND LEE WARD, Plaintiff in Error.—No. 40208.—202 S. W. (2d) 46.

Division One, May 12, 1947.

*Rex V. McPherson, Robert Stemmons* and *Norton A. Colvin* for plaintiff in error.

*J. E. Taylor*, Attorney General, and *Arvid Owsley*, Assistant Attorney General, for defendant in error.

HYDE, J.—Defendant was convicted of embezzlement of a motor vehicle and under the Habitual Criminal Act, Sections 4854-4855 (R. S. 1939) Mo. Stat. Ann. sentenced to twenty-five years in the penitentiary.

According to the State's evidence, defendant was employed by Fred L. Wright in Lawrence County. In September 1945, Mr. Wright was called to Kansas by the death of his wife's father and left defendant in charge of his house and his Ford pick-up truck. Defendant took the truck to Colorado and sold it for $100.00. Defendant had previously been convicted (January 2, 1942) in Iowa for larceny of a motor vehicle and sentenced for a term not exceeding ten years. He was discharged from the Iowa penitentiary on October 16, 1944. Defendant offered no evidence at the trial.

The Court directed the jury to find defendant not guilty of larceny and submitted to them the question of embezzlement. (Section 4471, R. S. 1939, Mo. Stat Ann.) The following verdict was returned:

"We, the jury, find the defendant not guilty of larceny.

(Signed) Jean W. Hillhouse
Foreman.

502

"We, the jury, find the defendant guilty of embezzlement and of having been previously convicted of a felony and do assess his punishment at twenty-five years in the state penitentiary.

" (We recommend leniency.) · (Signed) Jean W. Hillhouse
. Foreman."

Defendant contends that the verdict was not a general verdict because it did not contain the words "as charged in the information" after the word "guilty". It is, therefore, claimed that this is a special verdict and is void because it does not contain a finding of all of the essential elements of the crime of embezzlement which would be required for a valid special verdict, citing State v. Thompson, (Mo.) 29 S. W. (2d) 67; and State v. Hinton, 299 Mo. 507, 253 S. W. 722.

The information herein charged larceny of the automobile from the premises of Mr. Wright. (Section 8404(a), R. S. 1939, Mo. Stat. Ann.) However, Section 4842, R. S. 1939, Mo. Stat. Ann. provides: "If, upon the trial of any person indicted for larceny, it shall be proved that he took the property in question in any such manner as to amount in law to embezzlement, he shall not, by reason thereof, be entitled to be acquitted, but the jury shall· return as their verdict that such person is not guilty of larceny, but is guilty of embezzlement, and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for such embezzlement; ▆▆▆ . . ." The only question submitted to the jury was whether or not defendant was guilty of embezzlement, which was the offense shown by the evidence. If this verdict had made the suggested reference to the information it would have been subject to the criticism made in the Hinton case, of not being responsive to it, because the charge therein was larceny. Thus, according to defendant's argument, there could be no verdict except a special verdict in a case like this. However, we have held that a reference to the information in a verdict is not necessary to make it a general verdict. [State v. Baublits, 324 Mo. 1199, 27 S. W. (2d) 16 (verdict of manslaughter on charge of second degree murder) State v. Wright, 342 Mo. 58, 112 S. W. (2d) 571; State v. Carroll, 288 Mo. 392, 232 S. W. 699.] This verdict did what the statute authorized by finding the defendant not guilty of larceny and guilty of embezzlement. We hold that this was a form of general verdict specifically authorized by Section 4842 in this kind of a case, and was sufficient.

▆▆▆ Defendant criticises instructions 1 and 2 claiming that instruction 1 required the jury to either fix his punishment at 25 years imprisonment or acquit him (instead of allowing them the alternative of disregarding his prior conviction and fixing lesser punishment than requred by the Habitual Criminal Act); that instruction 1 did not require the finding that Wright delivered the truck to defendant as his servant; that instruction 2 required the jury to find defendant

to be exactly 17 years old (no more and no less) before they could fix his punishment as prescribed by law for embezzlement only; that instruction 2 placed an unwarranted burden on defendant by requiring the jury to find that he was *not formerly convicted*, etc. to make the Habitual Criminal Act inapplicable (instead of stating that the failure to find such facts would have that effect); and that instructions 1 and 2 were inconsistent.

Instruction 1 was as follows:

"The court instructs the jury that if you find and believe from the testimony in this case beyond a reasonable doubt that at and in the County of Lawrence, State of Missouri, on or about the 30th day of September, 1945, the prosecuting witness, Fred L. Wright delivered to the defendant Raymond Lee Ward, *as a servant*, a Ford pick-up truck to be used about the premises of the said Fred L. Wright in hauling feed and caring for the property of the said Fred L. Wright, and if the jury further find that the defendant, Raymond Lee Ward, at any time within three years of the date of the filing of this information, to-wit: September 6, 1946, at and in the County of Lawrence, State of Missouri, did willfully, unlawfully and feloniously convert said Ford truck to his own use with the intent to deprive the owner of the use thereof, without the owner's consent and without any honest claim or belief on the defendant's part to the ownership thereof, and that said truck was the property of the said Fred L. Wright of the value of more than $30.00; and that the defendant, Raymond Lee Ward *was over the age of seventeen years;* and if you further find that previous to said time the Defendant, Raymond Lee Ward, at and in the County of Pottawattamie in the State of Iowa, was then and there convicted in the District Court of said county for the crime of larceny of a motor vehicle, and that he was sentenced to serve a term of ten years in the State Penitentiary of Iowa, and that he was duly imprisoned in accordance with a sentence and judgment, and that, thereafter, he was duly discharged in compliance with said sentence and judgment by conditional pardon on the 16th day of October, 1944, then you will find the defendant guilty of embezzlement and assess his punishment at imprisonment in the state penitentiary for a term of twenty-five years.

"Unless you so find the facts, you will acquit the defendant."

Instruction 2 required the finding of the same facts hypothesized in instruction 1 (set out above in parenthesis) and continued as follows:

". . . and *that the defendant was 17 years of age at the time,* and if you further find that the defendant, Raymond Lee Ward was *not formerly convicted* in the County of Pottawattamie in the State of Iowa District Court of said county for the crime of larceny of motor vehicle and *not duly sentenced* for a term of ten years in the said penitentiary of said state, and was not duly imprisoned in

accordance with the sentence and judgment and thereafter discharged in compliance of said sentence, then you will find the defendant guilty of embezzlement and assess his punishment at imprisonment in the state penitentiary for a term not exceeding twenty-five years, or by confinement in the county jail not exceeding one year, or by fine not exceeding $1,000.00, or by both such fine and imprisonment.'' (The italicised portions show the language criticised.)

These two instructions clearly did together' submit alternatively punishment under the Habitual Criminal Act and punishment for embezzlement as a first offender only. [See State v. Kimbrough, 350 Mo. 609, 166 S. W. (2d) 1077.] No material inconsistency is pointed out and we see nothing prejudicial in the method of submission. We think that the criticism of the words ''as a servant'' is hypercritical. The evidence showed that defendant was employed by Wright and that he left him in charge of his house and this truck. Instruction 8 did hypothesize ''as servant of the owner of the car.'' There was no suggestion that defendant was employed by or acted for anyone else and we do not see how the jury could have understood this any other way.

Neither do we think there is any merit to the claim that the jury would believe they had to find defendant to be exactly 17 years of age in order to be given less than the maximum sentence. Section 4471 excepts persons ''under the age of sixteen years'' from its provisions. There was no claim that defendant was exactly 17 and all the evidence was that he was 28 years old at the time. We think that the jury would understand from the whole submission that what was meant was, defendant must have been at least of the age specified to be found guilty of this kind of embezzlement; and they could not have been mislead as to the issues. They did specifically find his previous conviction of a felony, requiring the maximum punishment. Nor do we think there was any prejudicial error in the wording of instruction No. 2 requiring the finding that defendant ''was not formerly convicted'' etc., to authorize less than the maximum punishment, although it would have been better to have stated it as now suggested. This had nothing to do with the burden of proof but merely submitted to the jury the matter of whether or not they believed the evidence (a duly authenticated record) that defendant had been previously convicted, sentenced, imprisoned and discharged for the crime of larceny in Iowa. (There was no evidence to the contrary.) They were also correctly instructed concerning the presumption of innocence and the necessity of proving all required findings beyond a reasonable doubt. Furthermore, an instruction given at defendant's request stated: ''The court instructs the jury that the evidence of the conviction of the defendant of a former crime, if you so find, is to be received by you as affecting the punishment only, if any. Such evidence cannot be considered by you as any evidence of defendant's guilt of

either larceny or embezzlement." Thus his own instruction likewise stated an affirmative finding instead of in the manner now suggested; and made clear the effect of the former conviction. We hold that there was no reversible error in these instructions.

Defendant further contends that Section 4842 does not authorize his conviction under the Habitual Criminal Act. His argument is that conviction of embezzlement is the only conviction · authorized on a charge of larceny by this section. However, " 'The Habitual Criminal Act' was not designed to make a prior conviction a substantive part of an offense subsequently committed. It was designed to go and does go only to the punishment for the subsequent offense, if committed." [State v. Held, 347 Mo. 508, 148 S. W. (2d) 508, 511; State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760, 762; State v. Bagby, 338 Mo. 951, 93 S. W. (2d) 241, 250.] We, therefore, hold that the Habitual Criminal Act ▆▆▆ applies for the purpose of fixing punishment for this offense the same as in any other subsequently committed felony.

Defendant also contends that the Habitual Criminal Act was inapplicable here because Section 8404(a) authorizes a jail sentence as well as imprisonment in the penitentiary, arguing that it applies only to offenses for which the punishment must be imprisonment for a term of years therein. This contention was decided adversely in State v. Brinkley, 354 Mo. 337, 189 S. W. (2d) 314, l. c. 334-335; See also State v. Marshall, 326 Mo. 1141, 34 S. W. (2d) 29

The judgment is affirmed. All concur.