STATE OF MISSOURI, Respondent, v. WILLIAM NELSON, Appellant, No. 42486—240 S. W. (2d) 140.

Division Two, June 11, 1951.

*Lawson, Hale & Coleberd, Francis G. Hale* and *Arthur R. Kincaid* for appellant.

130

*J. E. Taylor,* Attorney General, and *Frank W. Hayes,* Assistant Attorney General, for respondent.

TIPTON, J.—In the circuit court of Clay County the appellant was convicted of embezzlement and his punishment was assessed at imprisonment in the penitentiary for a period of two years. From that sentence he has duly appealed.

On April 12, 1949, the grand jury returned an indictment charging that on or about November 14, 1947, the appellant embezzled $3,000 of the funds of William C. Chapman and Margaret B. Chapman, his wife.

For several years prior to the date of the alleged .embezzlement the appellant was a real estate broker at North Kansas City. On November 14, 1947, the appellant, as agent for Chapman and his wife, sold their real estate to Dorus D. Patton and Evelyn J. Patton, his wife. This sale was made by a written contract signed by Chapman and his wife as sellers and Patton and his wife as purchasers. This contract provided that $3,000 of the purchase price was to be paid to

appellant by the purchasers, to be held by him in escrow pending compliance by the parties with the terms of the contract. The contract provided that "this contract is made subject to the buyer being able to secure satisfactory financing for the amount of $8,000.00," which was the balance of the purchase price to be paid when the deal was closed. Another provision was that the sellers were to have sixty days thereafter to furnish abstract of title, and that the buyers should have thirty days thereafter within which to examine it. If defects were found they were to be corrected by the sellers within thirty days after delivery of written objection thereto, and if not corrected the contract should be null and void and "the money deposited as aforesaid shall be returned to the buyer and the abstract returned to the seller."

The appellant deposited the check for $3,000 on November 15, 1947, to his personal account in the Bank of North Kansas City from which he paid his bills and expenses. The testimony presented by the State shows that at some indefinite time appellant was unable to produce the $3,000 escrow deposit. The indictment alleges and the evidence tends to show that the embezzlement occurred on or about November 14, 1947, while the deal between the sellers and the buyers was not closed until about February 1948.

Appellant contends that the court erred in overruling his motion for a directed verdict for the reason that the indictment specifically charged the appellant with embezzlement of money belonging to Chapman and his wife, the sellers of the property, while all of the evidence affirmatively shows that if the money was embezzled by appellant it was done before the deal was closed and, therefore, belonged to the buyers, Patton and his wife.

In other words, it is the contention that at the time the embezzlement took place the money legally belonged to the buyers, Patton and his wife, and could not become the property of the sellers, Chapman and his wife, until the deal was closed.

"Although the ownership is properly laid in the person having legal title, it is not essential that the person named as owner have absolute title to the property involved. The ownership may be laid in one who has a qualified, special, or constructive ownership only, although the ownership may also be laid in the actual owner, notwithstanding the fact that another has a qualified ownership." 29 C. J. S. § 31, p. 712-713.

In the case of Meacham v. State, 33 So. 983, l. c. 984, the Florida Supreme Court, in dealing with the ownership of the property embezzled, said:

"Nor do we think it at all necessary that the alleged owner shall be proved to be the absolute owner of such property in order to warrant a conviction. If he has a qualified or special property in the goods embezzled, it will be sufficient. The ownership must be

laid in the indictment as in an indictment for larceny (Grant v. State, 35 Fla. 581, 17 So. 225, 48 Am. St. Rep. 263), and we perceive no reason why the proof of ownership in embezzlement should not be sufficient if it would support an allegation of ownership in larceny. The rule in the latter offense is that the ownership may be laid in the person having a qualified or special property in the property stolen (Kennedy v. State, 31 Fla. 428, 12 So. 858), and we hold that the same rule obtains in prosecution for embezzlement (Waterman v. State, 116 Ind. 51, 18 N. E. 63; Riley v. State, 32 Tex. 763). See, also, State v. Littschke, 27 Or. 189, 40 Pac. 167.''

To the same effect is the case of Commonwealth v. Bain, 42 S. W. 2d (Ky.) 876, and our case of State v. Liston, 318 Mo. 1222, 2 S. W. 2d 780.

In a larceny indictment the ownership of stolen property may be alleged either in one who was rightfully in possession as special owner, as for example, consignee, carrier or the like, or in the actual owner. State v. Nicoletti, 344 Mo. 86, 125 S. W. 2d 33. We think the same rule should apply to embezzlement. The purpose of charging ownership is to show that the title or ownership is not in the accused, as he cannot be held for converting his own property, also to bring notice to the accused of the particular offense for which he is called to answer and to bar subsequent prosecution of the accused for the same offense. This indictment in question obviously meets the above requirements.

There can be no doubt under the evidence that Chapman and his wife had a qualified, special or constructive ownership in the $3,000 at the time of the embezzlement. Appellant was the Chapmans' exclusive agent to sell the house and to receive the money for them. The contract of sale recited that the $3,000 was received by the sellers at the time of sale. There is no evidence that the Chapmans were ever in default or that the Pattons ever took steps to put them in default. The evidence shows that the deal was closed in January or February of 1948 and the loss because of this embezzlement fell upon the Chapmans. Under these circumstances, we hold the trial court properly overruled appellant's motion for a directed verdict.

Appellant contends that the court erred in giving instruction No. 4. This instruction authorized the jury to convict the appellant if they found that on or about November 14, 1947, the appellant was the bailee of $3,000, the personal property of the Chapmans, and that he did then and there feloniously and fraudulently embezzle and convert the same to his own use. It is the appellant's contention that there is no evidence that the Chapmans were the owners of the $3,000. We have just ruled that the Chapmans were the qualified or constructive owners of the money and, therefore, hold there is no merit in appellant's contention.

It follows from what we have said that the judgment of the trial court should be affirmed. It is so ordered. All concur.