STATE v. RUSSELL.

No. 43913.

Supreme Court of Missouri.

Division No. 2.

Feb. 8, 1954.

Motion for Rehearing or for Transfer to Court En Banc Denied March 8, 1954.

Richard L. Daly and Stanley M. Rosenblum, St. Louis, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

George Russell, Jr., appeals from a judgment imposing a sentence of seven years imprisonment for embezzlement. Section 560.260 RSMo 1949, V.A.M.S.

On July 27, 1952, appellant rented a Chevrolet automobile from Hubert C. Metcalf, doing business as the Major Rent-a-Car Company, in the city of St. Louis, Missouri. Prior to the expiration of the agreed twenty-four hour rental period, appellant secured permission to keep the automobile an additional day and return it on the 29th. On July 29th appellant returned the automobile and entered into a new rental agreement for it. Appellant agreed to return the automobile within twenty-four hours orally and in his application for the rental of the vehicle. This time he did not request an extension of the rental period and did not return or offer to return the automobile as he had agreed to do. Appellant was apprehended by the St. Louis Police on August 15, 1952, and, upon questioning, informed the officers he had rented the automobile for twenty-four hours, did not have the money to pay the charges, and did not return it. He also stated he had removed the original license plate, threw it into the Meramec river, and replaced it with a license plate he had stolen off of a parked automobile. The automobile was a 1952 Chevrolet sedan, of the approximate value of $1,750. When the automobile was returned to Mr. Metcalf by the police the rental charges approximated $150. It had been driven 1,273 miles, had been abused and sideswiped in an accident.

■ Appellant contends only bailments solely for the benefit of the bailor are within § 560.260; and since the instant bailment was for hire (locatio rei), with the parties bargaining at arm's length, no fiduciary relationship was created, and the State failed to make a case.

Embezzlement statutes had their origin in a design to obviate defects in the law of larceny for the misappropriation of another's property without a trespass. The moral turpitude was as great as in cases of larceny. Bazeley's Case, 2 East P.C. 571 et seq.; 20 C.J. 412, nn. 14, 15; 29 C.J.S., Embezzlement, § 4, page 673, nn. 26, 27; 18 Am.Jur. 571, § 2; State v. Gould, 329 Mo. 828, 46 S.W.2d 886, 889. While the enactments are to the same general purpose, there is a wide divergence in the wording of the statutes of the several states, as well as the statutes of a given state as they have existed from time to time in extending the scope of the law so that the more recent enactments embrace practically all bailments.

Section 560.260 provides: "If any carrier, bailee or other person shall embezzle or convert to his own use * * * any money, goods * * * property * * * or other effects which shall have been delivered to him, or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box, or other thing in which he received them, he shall, on conviction, be punished in the manner prescribed by law for stealing property * * *."

The quoted provisions are much broader than § 30, p. 288, Laws 1825. Norton v. State, 1836, 4 Mo. 461, 464, dealt with then § 42, p. 179, R.S.1835 (the forerunner of § 560.260), reading similar to § 560.260, viz.: "If any carrier, or other bailee, shall embezzle * * * he shall, on conviction, be adjudged guilty of larceny, and punished in the manner prescribed * * *" et cetera. Norton had hired a horse to go from St. Louis to St. Charles and failed to return it the following day in accord with the agreement. The court rejected defendant's contentions that the rule of ejusdem generis applied and only carriers who receive goods in boxes or packages were within the statute, stating: "In our opinion, the Legislature intended to make it larceny in all bailees to embezzle and convert goods" etc. State v. Broderick, 1879, 7 Mo.App. 19, 21. The author of State v. Grisham, 1886, 90 Mo. 163, 166(III), 2 S.W. 223, 224(3), without mentioning the Norton or Broderick cases, was of the opinion the section, R.S.

1879, § 1322, applied only to common carriers and like bailees under the rule of ejusdem generis; but this construction did not receive the concurrence of the other judges. The section was then changed, so far as material, to read, R.S.1889, § 3551: "If any carrier, bailee *or other person* shall embezzle * * * *" (italics ours); and in State v. Crosswhite, 1895, 130 Mo. 358, 365, 32 S.W. 991, 993, 51 Am.St.Rep. 571, 575, the court stated the change was evidently to make the statute "apply to all cases of bailment."

Appellant stresses observations arguendo in State v. Anderson, Mo., 1950, 232 S.W.2d 909, 911, 912[5, 6], that an embezzlement as a bailee is "basically predicated upon the existence of the fiduciary relationship." He says that case is to the effect that a bailment for the bailee's sole benefit is not within the statute and argues that, by stronger reasoning, under a bailment for hire, with the parties dealing at arm's length, no fiduciary relationship arises and only bailments for the bailor's exclusive benefit come within the statute. We do not so understand the Anderson case. "Common carriers" are expressly named in § 560.260 and such bailments are for hire and not for the sole benefit of the bailor. The general purpose of an embezzlement statute is to reach a violation of some trust or confidence. 29 C.J.S., Embezzlement, § 10b, page 679; 18 Am.Jur. 580, § 19; State v. Cochran, 336 Mo. 649, 80 S.W.2d 182, 184 [2]. Webster's New International Dictionary defines "Fiduciary" as: "1. Holding, held, or founded, in trust. 2. Of the nature of a trust; involving confidence or trust; confidential; as, in a fiduciary capacity." *"Fiduciary contract* is an agreement by which a person delivers a thing to another, on condition that he will return it to him." 17 C.J.S., Contracts, § 10, page 329, note 59; Bouvier's, Black's, and Ballentine's Law Dictionaries. See 5 Words and Phrases, Return of chattel, p. 59. The trust or confidence violated by appellant was his failure to return the automobile as he had agreed to do.

Appellant also argues that a conviction for embezzlement "on or about August 1, 1952," being after the twenty-four hour bailment period, may not stand because the offense would be larceny. Appellant cites Clark and Marshall (1952) on Crimes, pp. 434, 435, 492, where cases under the original and perhaps some present English statutes and early statutes of some of the states are cited. Tunnard's Case (1729), 1 Leach C.C. 255, note (a); Regina v. Haigh (1857), 7 Cox C.C. 403; Commonwealth v. James, 1823, 1 Pick. 375, 18 Mass. 375; 1 Hawk. P.C. Ch. 33, §§ 5, 7; 2 East P.C. 695; 1 Hale P.C. 504, 505; 4 Black.Comm. 230. Embezzlement at the time of appellant's authorities was a more restricted offense than that defined by § 560.260, being confined to the technical duration of the bailment, which was terminable upon any tortious act of the bailee. A reading of the Missouri embezzlement statutes, including § 560.260, makes manifest the legislative intent to avoid the hair-splitting distinctions of the earlier law and to broaden the scope of said statutes. For instance: Now § 560.260, provided in R.S.1835, p. 179, § 42, that one, "although he shall not break any trunk, package" et cetera "shall, on conviction, be adjudged guilty of larceny, and punished in the manner prescribed" for stealing property, which was not a larceny under appellant's cases. In the re-enactment of § 4552, R.S.1909, by Laws 1919, p. 254, "adjudged guilty of larceny, and" was deleted from the section. Section 560.260 by its terms applies to any "bailee or other person" who embezzles or converts, etc., any chattel "which shall have been delivered to him, or shall have come into his possession or under his care as such bailee". An accused who accepts delivery, or comes into the possession or care of the chattel lawfully and thereafter, prior to the discharge of the trust or confidence reposed, embezzles the chattel comes within the wording of the statute. As observed in State v. Gould, 329 Mo. 828, 46 S.W.2d 886, 889, and reasserted in State v. Cochran, 336 Mo. 649, 80 S.W.2d 182, 184[3], larceny, embezzlement and obtaining money under false pretenses stand on an equal footing, the distinction resting in the time of forming the criminal intent;

and in instances where the criminal acts of a defendant will support a conviction on either of two theories, the court is not required "to draw fine hair-splitting distinctions and ascertain just at what moment the criminal intent was formed." The jury could find under the instant record that appellant formed the intent to embezzle or convert after he lawfully received the automobile and violated the trust imposed in him to return it.

Appellant's early cases of Watson v. State, 1881, 70 Ala. 13, and Reed v. State, 1884, 16 Tex.App. 586, which quotes and follows Watson v. State, as we read them, applied the rule of ejusdem generis and held the respective statutes were limited to a bailment where the bailee had possession "wholly and exclusively for the benefit of the bailor," accepting the definition in 2 Kent Commentaries 559, while rejecting that in Story on Bailments § 2. State v. Betz, 1907, 207 Mo. 589, 599, 600, 106 S.W. 64, 66, approves the definition of Judge Story; and see the definition in State v. Rogers, 1928, 320 Mo. 260, 7 S.W.2d 250, 251. The early Alabama and Texas statutes differ from § 560.260, supra, and the cases do not apply. Appellant's later cases of Lewis v. People, 114 Colo. 411, 166 P.2d 150, 151[2, 3], and State v. Carr, 118 N.J.L. 233, 192 A. 36, 37, do not aid him. The former appears to be in accord with the Missouri cases.

■ Appellant's contention that there is no sufficient proof of the prosecuting witness' ownership of the automobile to sustain a conviction ignores the testimony that appellant rented the car from him and appellant's admission to that effect and that he did not return it because he did not have the money to pay the rental charges. The prosecuting witness' possession, charge and control of the automobile at the time it was rented to appellant was sufficient proof of ownership as against appellant. State v. Liston, 318 Mo. 1222, 2 S.W.2d 780, 783 [5]; State v. Nelson, 362 Mo. 129, 240 S. W.2d 140, 142.

■ The verdict found "the defendant guilty of embezzlement by bailee * * *."

Appellant states the information charged that the automobile was delivered to him and came into his possession and under his care "as bailee aforesaid," and the verdict is fatally defective. He stresses State v. Jones, 114 Mo.App. 343, 347, 348, 89 S.W. 366, 367, where a like verdict was construed and criticised as finding the offense had been committed by defendant "by a bailee" and not "as a bailee," but was not ruled reversible error on that ground. A verdict is not tested by technical rules of construction. If its meaning is clear upon the record (the charge, the evidence and the instructions), it is not void for uncertainty. State v. Smith, 284 Mo. 168, 172, 223 S.W. 749, 750; State v. Villinger, Mo., 237 S.W. 2d 132, 134[6, 7], and cases cited. In the successive official revisions of our statutes since 1879, § 1322, the section in question has been known and designated as "Embezzlement by bailee." The instant record disclosed but one offense, charged, proved and instructed upon. The failure to find appellant guilty as charged in the information did not make the verdict special. State v. Ward, 356 Mo. 499, 202 S.W.2d 46, 47 [1], and cases cited; State v. Dimmick, 331 Mo. 240, 53 S.W.2d 262, 265[7]. We hold it was sufficient.

We have examined the record proper and find no error therein.

The judgment is affirmed.

WESTHUES and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.

On Motion for Rehearing or Transfer to Court en Banc

PER CURIAM.

Appellant's motion for rehearing or to transfer to Banc, referring to a bailment under § 560.260, again stresses a statement arguendo in State v. Anderson, Mo., 232 S.

W.2d 909, 912, reading: "It does not mean a loan of personal property for a borrower's sole benefit." Appellant recognizes that this statement "was not a square and direct holding." There is no conflict between the holdings in the Anderson case and the instant case. Appellant argues that if the quoted statement be literally true then when a consideration passes to the bailor under an arm's length agreement the bailee also acts for his own benefit and the necessary fiduciary relationship does not exist. Reading the Anderson case as a whole and said statement in the light of its setting it is to the effect that bailments under § 560.260 are not necessarily limited to bailments for a borrower's sole benefit.

The foregoing disposes of the matters in appellant's motion in so far as they need be reviewed under the instant record.

Appellant's motion for rehearing or to transfer to Banc is overruled.