HAWKINS, Justice, for the Court:
Otis Ruffin, Jr., appeals from his conviction of embezzlement of a 1983 Cutlass Oldsmobile in the circuit court of the 1st Judicial District of Hinds County, and sentence to ten years imprisonment. We affirm.
The only issue meriting discussion is whether the fact Ruffin used the false name of Mel Young when he rented the car barred his prosecution for embezzlement.
FACTS
On March 6,1984, Ruffin was indicted by the grand jury of the 1st Judicial District of Hinds County for embezzling this car from National Car Rental System, Inc., (National) a Mississippi corporation.
On September 13, 1983, Ruffin obtained the car at a Jackson office of National by paying $60 cash, and signing the rental agreement. The rental agreement shows the car to be rented to “Mel Young.” The first name in the signature is clearly “Mel,” the middle initial is illegible, and the last name a barely legible “Young.” The car was to be returned not later than September 14, 1983.
Approximately two months later, after the car had been reported stolen and had *232 been driven 16,000 miles, it was recovered in Ruffin's possession in Alabama.
Ruffin argues on appeal he was entitled to a directed verdict. The only contention he makes deserving comment is the claim that since he used a false name, and engaged in a fraudulent scheme to obtain the car, it was not “lawfully” in his possession, and therefore he was not guilty of embezzlement.
When Ruffin was arrested in Alabama, he told the arresting officer there was some mistake, that he had rented the car, and he produced the rental agreement and a battered driver’s license in the name of Mel Young.
Ruffin was indicted under Miss.Code Ann. § 97-23-25, which provides:
If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
Ruffin did not testify and we are therefore unenlightened as to whether he had a criminal intent when he obtained the car or not. The question for us, however, is not whether he might have been guilty of larceny or some other crime, but whether the evidence sufficiently supports the statutorily defined offense of embezzlement for which he was indicted and convicted. Clearly it does.
In State v. Russell, 265 S.W.2d 379 (Mo. 1954), the Missouri Supreme Court interpreted a statute, quite similar to our Miss. Code Ann. § 97-23-25, under very similar facts, and stated:
... Section 560.260 by its terms applies to any “bailee or other person” who embezzles or converts, etc., any chattel “which shall have been delivered to him, or shall have come into his possession or under his care as such bailee”. An accused who accepts delivery, or comes into the possession or care of the chattel lawfully and thereafter, prior to the discharge of the trust or confidence reposed, embezzles the chattel comes within the wording of the statute. As observed in State v. Gould, 329 Mo. 828, 46 S.W.2d 886, 889, and reasserted in State v. Cochran, 336 Mo. 649, 80 S.W.2d 182, 184, larceny, embezzlement and obtaining money under false pretenses stand on an equal footing, the distinction resting in the time of forming the criminal intent; and in instances where the criminal acts of a defendant will support a conviction on either or two theories, the court is not required “to draw fine hairsplitting distinctions and ascertain just at what moment the criminal intent was formed.” The jury could find under the instant record that appellant formed the intent to embezzle or convert after he lawfully received the automobile and violated the trust imposed in him to return it.
265 S.W.2d at 381-382.
While the fact that Ruffin used an assumed name would be an indication of a criminal intent at the time he acquired the car, it is by no means conclusive. People do use assumed names with an intent other than committing larceny. Moreover, the contract was certainly entered into in good faith by National.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.