**In re Marcus Colin PURDY and Lenee Marie Purdy, Debtors.**

**C & J Rentals, Inc. d/b/a Thrifty Car Rental, Plaintiff,**

v.

**Lenee Marie Purdy and Marcus Colin Purdy, Defendants.**

Adversary No. 98–4053–172.
Bankruptcy No. 97–51765–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 8, 1999.

A. Thomas DeWoskin, St. Louis, MO, trustee.

John K. Springborn, St. Louis, MO, for plaintiff.

Allen I. Harris, St. Louis, MO, for defendants.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

C & J Rentals, Inc. d/b/a Thrifty Car Rental ("Plaintiff") filed an adversary complaint requesting that an obligation owed to the Plaintiff by Lenee M. Purdy ("Debtor") be held nondischargeable on the grounds that the debt was incurred by larceny and/or conversion pursuant to 11 U.S.C. § 523(a)(4) and (6). The obligation was incurred as a result of damage to a rental car which the Debtor failed to return by the date promised in the rental agreement. The adversary was originally filed against Marcus Colin Purdy and Lenee Marie Purdy, joint debtors in this bankruptcy case. The Plaintiff later dismissed Marcus Purdy from the case and proceeded against Lenee Purdy only.

The Debtor objected to a finding of nondischargeability stating that there was no foundation for the allegations of larceny or conversion. The Debtor admitted that she continued to possess the rental vehicle past the contractual date of return; that the vehicle suffered minor damage while in her possession; that she failed to pay the entire rental cost or any amount of damages. It was her argument that damage to the vehicle during her possession may have been negligent, but such damages did not rise to the level of larceny or conversion under federal bankruptcy law.

This is a core proceeding pursuant to Section 157(b)(2)(l) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States

District Court for the Eastern District of Missouri.

At the trial of this matter, the Plaintiff appeared by Counsel and presented testimony and other evidence on the record. The Defendant/Debtor appeared in person and by Counsel and presented testimony and other evidence on the record. At the conclusion of the trial, the Court granted additional time for the Parties to submit certain post-trial memoranda. No post-trial memoranda were submitted, and the matter was taken under submission upon the record as a whole.

The Debtor was a former employee of the Plaintiff and was familiar with its policies and procedures. After her car was stolen in August, 1997, a friend of hers rented a car from the Plaintiff and listed the Debtor as an additional driver. Thereafter, the Debtor, Lenee Purdy, renewed the rental agreement in her name only, with no additional drivers, after paying a $100.00 deposit. The return date on the second agreement was September 4, 1997. The Debtor stated that from time to time she renewed the rental agreement in person or by telephone and made payments totaling $426.63. She was aware that the rental agreement expired sometime in September and that she had failed to renew after expiration. She testified that the passenger door was damaged when she hit a pole at a gas station about ten days before returning the car. The Debtor returned the vehicle to the Plaintiff after business hours on October 12, 1997. She did not make any further payments or contact the Plaintiff after returning the vehicle. At the time she returned the vehicle, the Debtor owed $858.75 in unpaid rental fees. There is no dispute as to the dischargeability of the prepetition rental fees.

The Plaintiff's witness testified that its procedure for overdue vehicles was to mail a notice to the renter by certified mail when the vehicle was ten days overdue. If the vehicle was not returned by the date specified, the Plaintiff would submit a stolen vehicle report to the police. The Plaintiff produced a copy of a letter dated September 30, 1997 that stated that the vehicle was overdue from September 22, 1997. **Plaintiff's Exhibit No. 1.** On October 7, 1997, the Plaintiff filed a report of felony failure to return rental property to the St. Ann police. **Plaintiff's Exhibit No. 3.** During her testimony, the Debtor admitted that she knew that the rental agreement had expired when she returned the vehicle in October, 1997. The Plaintiff's employees found the vehicle on the Plaintiff's lot at the start of business on October 13, 1997. When the vehicle was inspected that day, the employees observed that there was damage to the passenger side door. The Plaintiff alleged damages in the amount of $3,049.32 in repairs and other fees and costs, but did not ask for a money judgment in the Adversary Complaint. **Plaintiff's Exhibit No. 4.**

■ A discharge under Section 727 does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4). Nor does it discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6). Exceptions to discharge are to be construed strictly against the creditor and liberally in favor of the debtor so as to further the bankruptcy policy of providing the debtor a fresh start. *See In re Geiger*, 113 F.3d 848, 853 (8th Cir.1997).

■ Larceny is proven for purposes of 11 U.S.C. § 523(a)(4) if a debtor has wrongfully and with fraudulent intent taken property from its owner. *Matter of Rose*, 934 F.2d 901, 903 (7th Cir.1991). Intent is rarely discernable directly; rather it may be determined from the facts and circumstances surrounding the act. *In re Cameron*, 219 B.R. 531, 537 (Bankr.W.D.Mo.1998). Here, the Debtor failed to return the vehicle by the date agreed upon in the rental contract. This failure was a breach of that agreement. When the vehicle was returned about two weeks overdue, it had been damaged. The record here has not shown that the Debtor acted with a fraudulent intent when she kept the vehicle beyond the return date. The Debtor did not borrow the vehicle, she rented it pursuant to a written contract. The Debtor made some payments toward the rental fees that had been incurred. The Debtor did not keep the vehicle or abandon it, but instead, returned it to the rental agen-

cy. There is no evidence that the Debtor intended to steal the vehicle or that she acted with malice and damaged the vehicle. Therefore, the Court finds and concludes that the Debtor did not willfully and maliciously injure the property of the Plaintiff such that the debt is not dischargeable under Section 523(a)(6).

 Similarly an intent to embezzle or convert property must be shown if a debt is to be determined to be nondischargeable under Section 523(a)(4). The Plaintiff has argued that a failure to return a vehicle as contracted constitutes a violation of a fiduciary relationship. *See State v. Russell,* 265 S.W.2d 379, 382 (Mo.1954). In the *Russell* case, a jury had found criminal intent when the Defendant failed to return a rental car; removed the license plate; thrown the license plate into the river; replaced the license plate with another that he had stolen off of a parked automobile; and did not return the vehicle until he was stopped by police. *Id.,* at 380. No similar actions were taken by the Debtor in this case.

A second case relied on by the Plaintiff is not controlling here. A debt that resulted from damages caused to a stolen truck was found to be nondischargeable after the debtor had admitted in a criminal proceeding that he had knowingly participated in the theft and subsequent destruction of the vehicle. *In re Stevens,* 2 BAMSL 279, 283 (B.C.E.D.Mo.1983). In the *Stevens* case, the requisite intent was admitted by the Debtor. In the matter being considered here, the record has not established that the Debtor possessed the required fraudulent intent while acting in a fiduciary capacity, or that she embezzled property or committed a larceny.

The Court finds and concludes that the obligation owed by the Debtor to this Plaintiff is not a debt that is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) or (6) as being a debt for larceny, conversion or willful and malicious injury to the property of another. By separate Order, judgment will be entered in favor of the Defendant.